# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

MARCH 2026 04401

E-Filing Number: 2603063615

| | |
|---|---|
| PLAINTIFF'S NAME<br>SU SU MYAT | DEFENDANT'S NAME<br>WALMART |
| PLAINTIFF'S ADDRESS<br>2209 E. OAKDALE STREET<br>PHILADELPHIA PA 19125 | DEFENDANT'S ADDRESS<br>275 GULPH ROAD<br>KING OF PRUSSIA PA 19406 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WALMART STORES EAST INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O CT CORPORATION SYSTEM 600 N. 2ND STREET<br>SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WALMART STORES INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O CT CORPORATION SYSTEM 600 N. 2ND STREET<br>SUITE 401<br>HARRISBURG PA 17101 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 8

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAR 31 2026
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SU SU MYAT

Papers may be served at the address set forth below.

2026 APR -6 P 2:51

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ADAM E. GRUTZMACHER | ADDRESS<br>CLEARFIELD & KOFSKY<br>1617 JOHN F. KENNEDY BOULEVARD<br>SUITE 355<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)563-6333 / FAX NUMBER<br>(215)563-3580 | |
| SUPREME COURT IDENTIFICATION NO.<br>92061 | E-MAIL ADDRESS<br>adamgrutz@hotmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*ADAM GRUTZMACHER* | DATE SUBMITTED<br>Tuesday, March 31, 2026, 08:37 am |

**COMPLETE LIST OF DEFENDANTS:**

1. WALMART
   275 GULPH ROAD
   KING OF PRUSSIA PA 19406
2. WALMART STORES EAST INC.
   C/O CT CORPORATION SYSTEM 600 N. 2ND STREET SUITE 401
   HARRISBURG PA 17101
3. WALMART STORES INC.
   C/O CT CORPORATION SYSTEM 600 N. 2ND STREET SUITE 401
   HARRISBURG PA 17101
4. WALMART INC.
   C/O CT CORPORATION SYSTEM 600 N. 2ND STREET SUITE 401
   HARRISBURG PA 17101
5. WALMART STORES EAST LP
   C/O CT CORPORATION SYSTEM 600 N. 2ND STREET SUITE 401
   HARRISBURG PA 17101
6. JOHN DOE
   ANY STREET
   ANY CITY PA 00000
7. JOHN DOE
   ANY STREET
   ANY CITY PA 00000
8. JOHN DOE
   ANY STREET
   ANY CITY PA 00000

2026 APR -6 P 2:57

THIS IS A MAJOR JURY MATTER.
ASSESSMENT OF DAMAGES HEARING

Filed and Attested by the
Office of Judicial Records
31 MAR 2026 08:37 am

CLEARFIELD & KOFSKY
By: Adam E. Grutzmacher, Esquire
Identification No. 92061
Suburban Station Building - Suite 355
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 563-6333

Attorney for Plaintiff

| | |
|---|---|
| SU SU MYAT<br>2209 E. Oakdale Street<br>Philadelphia, PA 19125<br>v.<br><br>WALMART<br>275 Gulph Road<br>King of Prussia, PA 19406<br>and<br>WALMART STORES EAST INC. c/o<br>CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>and<br>WALMART STORES INC. c/o<br>CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2026<br>NO. |

Continued on next page

2026 APR -6

## COMPLAINT IN CIVIL ACTION
(Code 2S- Premises Liability-Slip and Fall)

### NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
1101 Market Street-11th Floor
Philadelphia, PA 19107
(215) 238-6300

### AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street-11th Floor
Filadelfia, Penna. 19107
Teléfono: (215) 238-6300

WALMART INC. c/o :
CT CORPORATION SYSTEM :
600 N. 2nd Street-Suite 401 :
Harrisburg, PA 17101 :
And :
WALMART STORES EAST LP. c/o :
CT CORPORATION SYSTEM :
600 N. 2nd Street-Suite 401 :
Harrisburg, PA 17101 :
And :
JOHN DOES 1-3 :

## GENERAL AVERMENTS

1. Plaintiff, Su Su Myat, is an adult individual who resides at the above-captioned address.

2. Defendant, Walmart, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3. Defendant, Walmart Stores East Inc. (hereinafter referred to as "Walmart East Inc."), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4. Defendant, Walmart Stores Inc., is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

5. Defendant, Walmart Inc., is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

6. Defendant, Walmart Stores East LP. (hereinafter referred to as "Walmart East LP."), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

7. Defendant, John Doe 1, a fictitious designation is currently an unknown party.

8. Upon information and belief, Defendant, John Doe 1, is that of a store manager/employee.

9. Upon information and belief, Defendant, John Doe, potentially had responsibility for maintaining the premises including janitorial services.

10. The identity of Defendant, John Doe 1, is unknown after a reasonable search with due diligence.

11. Defendant, John Doe 2, a fictitious designation is currently an unknown party.

12. Upon information and belief, Defendant, John Doe 2, is that of a contractor.

13. Upon information and belief, Defendant, John Doe 2, potentially had responsibility for maintaining the premises including janitorial services.

14. The identity of Defendant, John Doe 2, is unknown after a reasonable search with due diligence.

15. Defendant, John Doe 2, a fictitious designation is currently an unknown party.

16. Upon information and belief, Defendant, John Doe 3, is that of a subcontractor.

17. Upon information and belief, Defendant, John Doe 3, potentially had responsibility for maintaining the premises including janitorial services.

18. The identity of Defendant, John Doe 3, is unknown after a reasonable search with due diligence.

19. At all times material hereto, Defendants did own and/or possess and/or control the Walmart including the floors located at 275 Gulph Road, King of Prussia, Pennsylvania.

20. At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

21. On or about April 14, 2024, and for some time prior thereto, Defendants acting by and through its agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit: produce creating a wet and/or slippery substance was permitted to exist and remain on the floor at or near the produce aisle area at the aforementioned premises, for an unreasonable period of time.

22. On or about April 14, 2024, Plaintiff, Su Su Myat, was a business invitee at the aforesaid location.

23. Plaintiff suffered injury by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

24. Said Defendants were responsible for the proper maintenance of the premises, floors and safety of business invitees on their premises.

25. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

**COUNT I**
**PLAINTIFF, SU SU MYAT v. DEFENDANTS, WALMART, WALMART, EAST INC., WALMART STORES INC., WALMART INC & WALMART EAST LP., ONLY**

26. Plaintiff, Su Su Myat, incorporates by reference hereto, all of the allegations. contained in the General Averments, as if they were set forth at length herein.

27. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist on the floors at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b) failing to give warning or notice of the defective condition;

(c) failing to inspect the floor at reasonable intervals to determine the condition thereof;

(d) failing to remove the aforesaid defective and dangerous condition;

(e) failing to provide Plaintiff with a safe and adequate passageway;

(f) allowing a wet and/or slippery substance to accumulate on the floor;

(g) failing to hire and/or supervise competent contractors and/or sub-contractors to perform proper maintenance on the premises;

(i) failing to mop or otherwise remove the defective/dangerous condition;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to place caution and/or wet floor signs or other warning mechanisms to warn of a potential hazard;

(l) failing to maintain the flooring in a safe manner;

(m) failing to have an adequate number of employees on hand to remove wet and/or slippery substances in a timely manner;

(n) failing to have an adequate number of employees on hand to inspect the store at reasonable intervals for potential slipping hazards;

(o) negligence per se;

(p) in being otherwise careless, and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

28. As a result of this accident, Plaintiff, Su Su Myat, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: back injuries, neck injuries, lumbar disc injuries, radiculopathy at L5 both requiring injection therapy, right hip injury, right knee injury, and musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

29. As a further result of this accident, Plaintiff, Su Su Myat, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

30. As a further result of this accident, Plaintiff, Su Su Myat, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

31. As a further result of this accident, Plaintiff, Su Su Myat, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

32. As a direct and reasonable result of the aforementioned accident, Plaintiff, Su Su Myat, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

33. As a further result of the aforementioned accident, Plaintiff, Su Su Myat, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Su Su Myat, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**COUNT II**
**PLAINTIFF, SU SU MYAT v. DEFENDANT, JOHN DOE 1 (store manager/employee), ONLY**

34. Plaintiff, Su Su Myat, incorporates by reference hereto, all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

35. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist on the floors at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b) failing to give warning or notice of the defective condition;

(c) failing to inspect the floor at reasonable intervals to determine the condition thereof;

(d) failing to remove the aforesaid defective and dangerous condition;

(e) failing to provide Plaintiff with a safe and adequate passageway;

(f) allowing a wet and/or slippery substance to accumulate on the floor;

(g) failing to hire and/or supervise competent contractors and/or sub-contractors to perform proper maintenance on the premises;

(i) failing to mop or otherwise remove the defective/dangerous condition;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to place caution and/or wet floor signs or other warning mechanisms to warn of a potential hazard;

(l) failing to maintain the flooring in a safe manner;

(m) failing to have an adequate number of employees on hand to remove wet and/or slippery substances in a timely manner;

(n) failing to have an adequate number of employees on hand to inspect the store at reasonable intervals for potential slipping hazards;

(o) negligence per se;

(p) in being otherwise careless, and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

36. As a result of this accident, Plaintiff, Su Su Myat, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: back injuries, neck injuries, lumbar disc injuries, radiculopathy at L5 both requiring injection therapy, right hip injury, right knee injury, and musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

37. As a further result of this accident, Plaintiff, Su Su Myat, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

38. As a further result of this accident, Plaintiff, Su Su Myat,-has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

39. As a further result of this accident, Plaintiff, Su Su Myat, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

40. As a direct and reasonable result of the aforementioned accident, Plaintiff, Su Su Myat, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

41. As a further result of the aforementioned accident, Plaintiff, Su Su Myat, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Su Su Myat, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

## COUNT III
## PLAINTIFF, SU SU MYAT v. DEFENDANT, JOHN DOE 2 (contractor), ONLY

42. Plaintiff, Su Su Myat, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I and II as if they were set forth at length herein.

43. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist on the floors at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b) failing to give warning or notice of the defective condition;

(c) failing to inspect the floor at reasonable intervals to determine the condition thereof;

(d) failing to remove the aforesaid defective and dangerous condition;

(e) failing to provide Plaintiff with a safe and adequate passageway;

(f) allowing a wet and/or slippery substance to accumulate on the floor;

(g) failing to hire and/or supervise competent sub-contractors to perform proper maintenance on the premises;

(i) failing to mop or otherwise remove the defective/dangerous condition;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to place caution and/or wet floor signs or other warning mechanisms to warn of a potential hazard;

(l) failing to maintain the flooring in a safe manner;

(m) failing to have an adequate number of employees on hand to remove wet and/or slippery substances in a timely manner;

(n) failing to have an adequate number of employees on hand to inspect the store at reasonable intervals for potential slipping hazards;

(o) negligence per se;

(p) in being otherwise careless, and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

44. As a result of this accident, Plaintiff, Su Su Myat, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: back injuries, neck injuries, lumbar disc injuries, radiculopathy at L5 both requiring injection therapy, right hip injury, right knee injury, and musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

45. As a further result of this accident, Plaintiff, Su Su Myat, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

46. As a further result of this accident, Plaintiff, Su Su Myat, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

47. As a further result of this accident, Plaintiff, Su Su Myat, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

48. As a direct and reasonable result of the aforementioned accident, Plaintiff, Su Su Myat, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

49. As a further result of the aforementioned accident, Plaintiff, Su Su Myat, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Su Su Myat, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**COUNT IV**
**PLAINTIFF, SU SU MYAT v. DEFENDANT, JOHN DOE 3 (subcontractor), ONLY**

50. Plaintiff, Su Su Myat, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I through III as if they were set forth at length herein..

51. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist on the floors at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b) failing to give warning or notice of the defective condition;

(c) failing to inspect the floor at reasonable intervals to determine the condition thereof;

(d) failing to remove the aforesaid defective and dangerous condition;

(e) failing to provide Plaintiff with a safe and adequate passageway;

(f) allowing a wet and/or slippery substance to accumulate on the floor;

(g) failing to perform proper maintenance on the premises;

(i) failing to mop or otherwise remove the defective/dangerous condition;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to place caution and/or wet floor signs or other warning mechanisms to warn of a potential hazard;

(l) failing to maintain the flooring in a safe manner;

(m) failing to have an adequate number of employees on hand to remove wet and/or slippery substances in a timely manner;

(n) failing to have an adequate number of employees on hand to inspect the store at reasonable intervals for potential slipping hazards;

(o) negligence per se;

(p) in being otherwise careless, and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

52. As a result of this accident, Plaintiff, Su Su Myat, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: back injuries, neck injuries, lumbar disc injuries, radiculopathy at L5 both requiring injection therapy, right hip injury, right knee injury, and musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

53. As a further result of this accident, Plaintiff, Su Su Myat, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

54. As a further result of this accident, Plaintiff, Su Su Myat, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

55. As a further result of this accident, Plaintiff, Su Su Myat, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

56. As a direct and reasonable result of the aforementioned accident, Plaintiff, Su Su Myat, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

57. As a further result of the aforementioned accident, Plaintiff, Su Su Myat, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Su Su Myat, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**CLEARFIELD & KOFSKY**

**BY:** ______________________________

**ADAM E. GRUTZMACHER, ESQUIRE**
**Attorney for Plaintiff, Su Su Myat**

VERIFICATION

I, Su Su myat hereby verify that I am the Plaintiff in the attached Complaint, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME ______________________

ADDRESS ______________________

DATE ______________________